Golden Nugget Atl. City LLC v Chan (2023 NY Slip Op 02176)

Golden Nugget Atl. City LLC v Chan

2023 NY Slip Op 02176

Decided on April 27, 2023

Appellate Division, First Department

KAPNICK, J.P. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Barbara R. Kapnick
David Friedman Ellen Gesmer Peter H. Moulton Manuel Mendez

Index No. 656657/20 Appeal No. 17218-17219 Case No. 2021-04511 2022-00399 

[*1]Golden Nugget Atlantic City LLC, Plaintiff-Respondent,
v
Wayne C. Chan, Defendant-Appellant.

Defendant appeals from an order of the Supreme Court, New York County (Arlene Bluth, J.), entered November 5, 2021, which granted plaintiff's motion for summary judgment on its breach of contract claim. We deem that an appeal from the judgment, same court and Justice, entered November 16, 2021, awarding plaintiff damages (CPLR 5520[c]). Defendant also appeals from an order, same court and Justice, entered on or about December 17, 2021, which denied defendant's motion for leave to renew the motion for summary judgment.

Genova Burns LLC, New York (Leonard S. Spinelli of counsel), for appellant.
Berlandi Nussbaum & Reitzas LLP, New York (John P. O'Brian of counsel), for respondent.

KAPNICK, J.P. 

Plaintiff Golden Nugget Atlantic City LLC alleges that on or about May 17, 2014, defendant Wayne C. Chan entered into a credit line agreement with Golden Nugget for the purpose of gambling at plaintiff's Atlantic City casino. Defendant thereafter played various casino games on his credit line account and accrued an outstanding balance in the amount of $200,000. On November 10, 2019, defendant delivered a counter check to plaintiff to repay the amount he owed, which check was subsequently dishonored by his bank. Despite due demand, defendant did not otherwise attempt to make payment. By summons and complaint dated December 1, 2020, plaintiff commenced this action to recover the debt allegedly owed by defendant.
At the core of this appeal are defendant's affirmative defenses asserting that plaintiff's claims for repayment of his losses are barred, based on (1) plaintiff's marking the table number (scribing) on the dice it provided to Chan for use at its craps tables and, (2) its use of "non-transparent dice," in violation of the New Jersey Casino Control Act (CCA). Defendant had previously made the same allegations in a "patron complaint form" that he filed with the New Jersey Division of Gaming Enforcement (DGE) on January 14, 2020, prior to plaintiff's commencement of this litigation, in which he alleged "such tampering affects the integrity of each dice throwing them off balance causing unfair play."
In July 2021, prior to having a preliminary conference or conducting any discovery, plaintiff moved for summary judgment on its claims seeking payment from defendant of the $200,000 for his breach of the credit line account agreement and for issuing a bad check. In its motion papers, plaintiff did not address defendant's affirmative defenses. In opposition, defendant argued that summary judgment was premature given his affirmative defenses, the substance of which was also raised in his "patron complaint" and a New Jersey federal action he would be bringing against plaintiff.
Supreme Court nonetheless granted plaintiff's motion for summary judgment on its breach of contract claim for $200,000 and determined that there was no need to hold a hearing as to the second and third causes of action. Defendant moved to reargue and/or renew the motion, which [*2]Supreme Court denied in November 2021.
The New Jersey casino industry is closely regulated by the CCA. As is relevant to this appeal, the CCA contains rules that regulate craps (NJAC 13:69E-1.11), the use and custody of dice (NJAC 13:69E-1.16), as well as the physical characteristics of the dice (NJAC 13:69E-1.15). As for the latter, the CCA (NJAC 13:69E-1.15[a][2]) requires that dice "[b]e transparent and made exclusively of cellulose except for the spots, name or trade name of the casino licensee and serial number or letters contained thereon."
Although "the CCA does not create a private right of action, it is also clear that the CCA does not preempt all common law claims, because certain private causes of action may still be advanced by patrons or casinos, depending on the nature of those claims" (Marina Dist. Dev. Co., LLC v Ivey , 93 F Supp 3d 327, 337 n5 [D NJ 2015], citing Lomonaco v Sands Hotel Casino & Country Club , 259 NJ Super 523, 530, 614 A2d 634, 638 [1992]; Smerling v Harrah's Ent., Inc., 389 NJ Super 181, 189, 912 A2d 168, 173 [2006] ["courts are not ousted of jurisdiction over common law damage claims against casinos merely because the claims arise from gambling transactions"]). Casinos and patrons alike may assert common-law claims based on violations of the CCA as a defense to the payment of casino winnings and losses. "[T]he only way gambling at a casino is lawful is if the patrons and the casino follow the strictures of the CCA," and it "follows then that contractual agreements, whether express or implied, governing casino gambling in New Jersey include a provision that both parties agree to abide by the CCA" (Marina, 93 F Supp 3d at 336; see also Lomonaco , 259 NJ Super at 530-531, 614 A2d at 638).
However, although a party may bring a claim or defense grounded in violations of the CCA, the New Jersey Supreme Courtin Campione v Adamare of New Jersey (155 NJ 245, 263, 714 A2d 299, 308 [1998]), instructed the lower courts to defer to the Casino Control Commission (CCC) and DGE, pursuant to their primary jurisdiction to determine whether there is a violation of the CCA in the first instance. As the Court stated:
"The elaborate legislative and administrative system for regulating casinos suggests . . . that the CCC should exercise primary jurisdiction over issues concerning the interpretation and application of the Act and the regulations. The doctrine of primary jurisdiction, like that requiring exhaustion of administrative remedies, promotes proper relationships between courts and regulatory agencies . . .
"The pervasiveness of the regulatory scheme controlling the casino industry indicates that the Legislature intended to invest the CCC with primary jurisdiction to regulate the casino industry. To the extent that the resolution of a plaintiff's claim depends on an interpretation of the Act or administrative regulations, the CCC should have the first opportunity to provide that interpretation."
(Campione , 155 NJ 263-264[*3], 714 A2d at 308; see also Marina , 93 F Supp 3d at 339; Chan v Boardwalk 1000, LLC , 2021 WL 4306828, *5 [D NJ 2021]).
Thus, Supreme Court's granting of summary judgment to plaintiff was premature. The motion court should instead have deferred any decision until receipt of DGE's ruling on Chan's "patron complaint" based on the same violations, since that grievance was filed prior to the commencement of plaintiff's litigation and remained pending at the time of its decision. While DGE has ruled that the same scribing violations against another casino do not violate the CCA, there has been no ruling by DGE in any matter concerning defendant's allegations of "non-transparent dice." Accordingly, the motion for summary judgment is denied, with leave to renew upon a ruling by DGE on the "patron complaint," or after six months if DGE has failed to resolve this issue despite sufficient notice to DGE by the parties (see Golden Nugget v Gemaco , 2015 WL 689437, *6 [NJ Super 2015]).[FN1]
Accordingly, the appeal from the order of the Supreme Court, New York County (Arlene Bluth, J.), entered November 5, 2021, which granted plaintiff's motion for summary judgment on its breach of contract claim, deemed appeal from judgment, same court and Justice, entered November 16, 2021, awarding plaintiff damages (CPLR 5520[c]), and so considered, the judgment should be reversed, on the law, without costs, the judgment vacated, and plaintiff's motion for summary judgment denied as premature. The appeal from the order, same court and Justice, entered on or about December 17, 2021, which denied defendant's motion for leave to renew plaintiff's motion for summary judgment, should be dismissed, without costs, as moot.
Order, Supreme Court, New York County (Arlene Bluth, J.), entered November 5, 2021, reversed, on the law, without costs, the judgment vacated, and plaintiff's motion for summary judgment denied as premature. The appeal from the order, same court and Justice, entered on or about December 17, 2021, dismissed, without costs, as moot.
Opinion by Kapnick, J.P. All concur.
Kapnick, J.P., Friedman, Gesmer, Moulton, Mendez, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023

Footnotes

Footnote 1: We note that on appeal plaintiff has not disputed defendant's contention that an affirmative defense to the underlying obligation would also be an affirmative defense to a cause of action premised on the dishonored check.